**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:20-CR-37-KKC-MAS**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                                    **BINDING PLEA AGREEMENT**

**KENNETH RAY COOK**                                                          **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2252A(a)(2)(A), knowing distribution of child pornography using any means or facility of interstate or foreign commerce, that is, by computer over the Internet. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2, 3, and 4. Pursuant to Rule 11(c)(1)(C), the United States and the Defendant agree to sentencing guidelines calculations and to a specific sentence. Pursuant to Rule 11(c)(4), if the Court accepts this plea agreement, the agreed disposition will be included in the judgment.

2. The essential elements of Count 1 are:

    (a)    The Defendant knowingly;

    (b)    Distributed;

    (c)    Child pornography;

    (d)    Using any means or facility of interstate or foreign commerce, that is, by computer over the Internet.

3.  The United States could prove the following facts that establish the essential

elements of the offense beyond a reasonable doubt, and the Defendant admits that these

facts are true:

    (a)  On August 28, 2018, the Defendant knowingly distributed child pornography by computer, over the Internet. Specifically, on that day, the Defendant intentionally uploaded images of child pornography, including a .gif file portraying an adult male's erect penis penetrating a 6-8 year old female child's vagina, to his Google account, sonnyblaze34@gmail.com, from Mercer County, Kentucky, in the Eastern District of Kentucky. The Defendant knew that the images he uploaded and shared with Google were images of child pornography. The Defendant using the Internet constitutes using a means or facility of interstate or foreign commerce.

    (b)  The Defendant's relevant conduct includes further child pornography uploads on August 29, 2018; possession of additional child pornography images on his Google account (which were discovered on March 28, 2019); and possession of additional child pornography images on his smartphone on August 29, 2019.  In total, the Defendant's distribution and possession of child pornography involved 600 or more images, including over eight videos or similar visual depictions. Specifically, for example, the Defendant's relevant conduct includes possession of an image portraying a naked (except for black thigh-high stockings) 6-8 year old female child exposing her vagina, with her ankles bound to her thighs by neon-green rope, and her hands bound by neon-green rope. The Defendant's relevant conduct also includes possession of an image of a 3-5 year old female toddler holding an adult male's erect penis in her right hand, and whose mouth is covered with what appears to be ejaculate. The Defendant's relevant conduct also includes possession of images of especially vulnerable victims—3-5 year old female toddlers displaying their vaginas, using a vibrator, and holding an adult male's erect penis with her mouth covered with what appears to be ejaculate, as well as a 2-4 year old female toddler with an adult male's erect penis pressed against her face and tongue.

4.  The Defendant acknowledges that he has a prior qualifying conviction under 18

U.S.C. § 2252A(b)(1) and, thus, that enhanced statutory penalties apply. Specifically, the

statutory punishment is imprisonment for not less than 15, nor more than 40, years; a fine

of not more than $250,000; and a term of supervised release of not less than 5 years nor

more than life. A mandatory special assessment of $100 applies, which the Defendant will

pay by the time of the sentencing hearing. An additional mandatory special assessment of

$5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of

certain offenses, committed after May 29, 2015, through September 30, 2021. The

Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing

hearing, in accordance with the Judgment, if the Court determines the Defendant is non-

indigent and orders such assessment to be paid.

     5. The United States and the Defendant agree to the following sentencing guidelines

calculations and specific sentence, which bind the Court upon acceptance of this plea

agreement.

     (a)    The United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, determines the Defendant's guidelines range.

     (b)    Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and the provided discovery materials, as well as all of the images of child pornography contained on his computers, cell phones, and other electronic media and accounts.

     (c)    Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level is 22.

     (d)    Pursuant to U.S.S.G. § 2G2.2(b)(2), increase the offense level by 2 levels because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

     (e)    Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), increase the offense level by 2 levels because the Defendant knowingly engaged in distribution, other than distribution described in § 2G2.2(b)(3)(A)-(E).

     (f)    Pursuant to U.S.S.G. § 2G2.2(b)(4)(A), increase the offense level by 4 levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence.

     (g)    Pursuant to U.S.S.G. § 2G2.2(b)(6), increase the offense level by 2 levels because the offense involved the use of a computer.

3

(h)     Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), increase the offense level by 5 levels because the offense, including the Defendant's relevant conduct, involved 600 or more images, including over eight videos or similar visual depictions.

(i)     Pursuant to U.S.S.G. § 3A1.1(b)(1), increase the offense level by 2 levels because the Defendant knew, or should have known, that a victim of the offense was a vulnerable victim.

(j)     Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 3 levels for the Defendant's acceptance of responsibility.

(k)     The Defendant's total offense level is level 36.

(l)     The Defendant has 13 criminal history points, which places the Defendant in criminal history category VI.

(m)    Based on offense level 36 and criminal history category VI, the guidelines range for imprisonment is 324 to 405 months.

(n)     The Defendant's sentence of imprisonment shall be 324 months.

(o)     The Defendant's term of supervised release shall be life.   The mandatory, standard, and applicable special conditions of supervised release listed in U.S.S.G. § 5D1.3 shall be imposed.

(p)     A fine shall not be imposed because the Defendant is unable to pay a fine and is not likely to become able to pay any fine.

(q)     Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victims of the offense of conviction, including losses caused to any victims whose images were contained on his electronic media, pursuant to 18 U.S.C. §§ 2259, 3663, and 3663A. This agreement by the Defendant is applicable only for identified victims who request restitution on or before the date of the sentencing hearing.

6.    The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

4

7.   The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction

8.   The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States can prove the required nexus for forfeiture. The Defendant further agrees to waive any and all provisions of Rule 32.2 pertaining to the timing of the filing of forfeiture orders.

5

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

6

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11.   This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12.   This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13.   The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

7

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: _10/16/2020_     By: _____

David A. Marye
James T. Chapman
Assistant United States Attorneys

Date: _9- 25-20_     _____

Kenneth Ray Cook
Defendant

Date: _9/25/20_     _____

Edward M. Thompson
Attorney for Defendant

**APPROVED**, this _____ day of _____, _____.

_____

UNITED STATES DISTRICT JUDGE

8